IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br>  Plaintiffs, <br><br> V <br><br> PULSE SYSTEMS, INC., <br><br>  Defendant. | CIVIL ACTION NO. 6:15-cv-688 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Pulse Systems, Inc. ("Pulse") for infringement of U.S. Patent Nos. 5,682,526 ("the '526 patent") and 5,715,451 ("the '451 patent").

## THE PARTIES

1.  Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Ste. 603, Tyler, Texas 75702.

2.  Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.  Uniloc Luxembourg and Uniloc USA are collectively referred to as "Uniloc." Uniloc has researched, developed, manufactured, and licensed information security technology

solutions, platforms and frameworks, including solutions for securing software applications and digital content. Uniloc owns and has been awarded a number of patents. Uniloc's technologies enable, for example, software and content publishers to securely distribute and sell their high-value technology assets with maximum profit to its customers and/or minimum burden to legitimate end-users. Uniloc's technologies are used in several markets including, for example, electronic health record software, software and game security, identity management, intellectual property rights management, and critical infrastructure security.

4. Pulse Systems, Inc. ("Pulse") is a corporation duly organized and existing under the laws of the State of Kansas, with its principal place of business at 3017 North Cypress Drive, Wichita, Kansas 67226. Defendant Pulse may receive service of process through its registered agent, Alif Hourani, 2959 N. Rock Rd. Ste 400, Wichita, Kansas 67226. Upon information and belief, Pulse does business in the State of Texas and in the Eastern District of Texas. Pulse's business in the State of Texas is evidenced in part by its maintenance of an office at 4040 North Central Expressway, Dallas, TX 75204-3158.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Pulse is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district and/or, has regular and established places of business in this judicial district.

7. Pulse is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I
### (INFRINGEMENT OF '526 PATENT)

8. Uniloc incorporates paragraphs 1 through 7 herein by reference.

9. Uniloc Luxembourg is the owner, by assignment, of the '526 patent, entitled "METHOD AND SYSTEM FOR FLEXIBLY ORGANIZING, RECORDING, AND DISPLAYING MEDICAL PATIENT CARE INFORMATION USING FIELDS IN FLOWSHEET." A true and correct copy of the '526 patent is attached as Exhibit A.

10. Uniloc USA is the exclusive licensee of the '526 patent with ownership of all substantial rights in the '526 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

11. The '526 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '526 patent complied with any such requirements.

13. All allegations of infringement herein concerning the '526 patent are exclusively limited to infringing acts committed after August 29, 2013.

14. Pulse directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '526 patent in this

judicial district and elsewhere in Texas without Uniloc's consent or authorization. Pulse's infringing products include, as a non-limiting examples, the products listed in Exhibit C, which have received federal certification by the Office of the National Coordinator (ONC–ATCB) as being complete Electronic Health Record ("EHR") products (hereinafter "Infringing Products"). Pulse's infringement occurs and has occurred through operation of the Infringing Products, which each practice the method of one or more claims of the '526 patent. Such operation includes Pulse's own operation (directly or through intermediaries) including, but not limited to, testing of the Infringing Products prior to federal certification; testing of the Infringing Products during federal certification; testing of the Infringement Products after federal certification; operation of the Infringing Products during classes and demonstrations; hosting of the operation of the Infringing Products on behalf of third parties such as medical groups or medical providers; installing, setting up, or maintaining the Infringing Products on behalf of third parties such as medical groups or medical providers; and operation of the Infringing Products on behalf of third parties such as medical groups or medical providers.

15.  Pulse directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '526 patent under 35 U.S.C. § 271(b) in this judicial district and elsewhere in Texas without Uniloc's consent or authorization. Direct infringement has and continues to occur by activities performed by parties operating the Infringing Products. Such activities include, as non-limiting examples, operation of the infringing products by customers of the products (such as medical groups, medical providers, etc.), and/or by third parties servicing such customers.

16.  Pulse directly or through intermediaries specifically intended such parties to infringe (literally and/or under the doctrine of equivalents) the '526 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of

example, and not as a limitation, Pulse's deliberate actions directly or through intermediaries include, but are not limited to providing training courses on the use of the Infringing Products, providing manuals on the operation of the Infringing Products, advertising the Infringing Product's compliance with federal regulations, encouraging use by, and instructing consumers, businesses, distributors, resellers, and sales representatives, to use, promote, market, distribute, and/or sell the Infringing Products. At least as to the time of this filing (or earlier through the original complaint in the earlier litigatoin), Pulse knew of the '526 Patent, and knows, or at least should know, that its actions would result in infringement of the '526 Patent. Through its actions, Pulse specifically intended that the Infringing Products perform the methods recited in one or more claims of the '526 Patent.

17. Uniloc has been damaged as a result of Pulse's infringing conduct described in this Count. Pulse is thus liable to Uniloc in an amount that adequately compensates it for Pulse's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Unless a preliminary and permanent injunction is issued enjoining Pulse and its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith from infringing the '526 patent, Uniloc will be greatly and irreparably harmed.

## COUNT II
### (INFRINGEMENT OF THE '451 PATENT)

19. Uniloc incorporates paragraphs 1 through 7 herein by reference.

20. Uniloc Luxembourg is the owner, by assignment, of the '451 patent, entitled "METHOD AND SYSTEM FOR CONSTRUCTING FORUMLAE FOR PROCESSING MEDICAL DATA." A true and correct copy of the '451 patent is attached as Exhibit B.

21.     Uniloc USA is the exclusive licensee of the '451 patent with ownership of all substantial rights in the '451 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

22.     The '451 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

23.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '451 patent complied with any such requirements.

24.     Pulse directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '451 patent in this judicial district and elsewhere in Texas without Uniloc's consent or authorization. Pulse's infringement occurs and has occurred through making, selling, offering to sell, using, and/or importing the Infringing Products, and, also, by operation of the Infringing Products, which each practice the method of one or more claims of the '451 patent. Such operation includes Pulse's own operation (directly or through intermediaries) including, but not limited to, testing of the Infringing Products prior to federal certification; testing of the Infringing Products during federal certification; testing of the Infringement Products after federal certification; operation of the Infringing Products during classes and demonstrations; hosting of the operation of the Infringing Products on behalf of third parties such as medical groups or medical providers; installing, setting up, or maintaining the Infringing Products on behalf of third parties such as medical groups or medical providers; and operation of the Infringing Products on behalf of third parties such as medical groups or medical providers.

25.     Pulse directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '451 patent under

35 U.S.C. § 271(b) in this judicial district and elsewhere in Texas without Uniloc's consent or authorization. Direct infringement has and continues to occur by activities performed by parties operating the Infringing Products and/or making, using, selling, offering to sell, and/or importing the Infringing Products. Such activities include, as non-limiting examples, operation of the infringing products by customers of the products (such as medical groups, medical providers, etc.), and/or by third parties servicing such customer. Such activities further include distributors and/or other third parties making, selling, offering to sell, using and/or importing the Infringing Products.

26. Pulse directly or through intermediaries specifically intended such parties to infringe (literally and/or under the doctrine of equivalents) the '451 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as a limitation, Pulse's deliberate actions directly or through intermediaries include, but are not limited to providing training courses on the use of the Infringing Products, providing manuals on the operation of the Infringing Products, advertising the Infringing Product's compliance with federal regulations, encouraging use by, and instructing consumers, businesses, distributors, resellers, and sales representatives, to use, promote, market, distribute, manufacture and/or sell the Infringing Products. At least as to the time of this filing, Pulse knew of the '451 Patent, and knows, or at least should know, that its actions would result in infringement of the '451 Patent. Through its actions, Pulse specifically intended that the Infringing Products perform the methods recited in one or more claims of the '451 Patent and/or that a party makes, uses, sales, offers to sale, and/or import the Infringing Products.

27. Uniloc has been and continues to be damaged as a result of Pulse's infringing conduct described in this Count. Pulse is thus liable to Uniloc in an amount that adequately

compensates it for Pulse's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Unless a preliminary and permanent injunction is issued enjoining Pulse and its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith from infringing the '451 patent, Uniloc will be greatly and irreparably harmed.

## JURY DEMAND

29. Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Pulse, and that the Court grant Uniloc the following relief:

a. Judgment that one or more claims of the '526 and '451 Patents have been infringed, either literally and/or under the doctrine of equivalents, by Pulse;

b. Judgment that Pulse account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Pulse's infringing activities and other conduct complained of herein;

c. Judgment preliminarily and permanently enjoining Pulse, its employees and agents, and any other person(s) in active concert or participation with it from directly infringing and / or inducing the infringement of the '526 and '451 Patents;

d. That Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Pulse's infringing activities and other conduct complained of herein; and

e. That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: July 16, 2015**                                  Respectfully submitted,

*/s/ /James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS
UNILOC USA, INC. AND UNILOC
LUXEMBOURG S.A.**